IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Crim. No. 5:04-CR-363-1-F
Civ. No. 5:12-CV-526-F

| | | |
|---|---|---|
| JAMES RAYVON HAM, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

Upon his conviction of possession of a firearm by a felon, James Rayvon Ham was sentenced on May 18, 2006, as an armed career criminal, pursuant to 18 U.S.C. §§ 922(g) and 924(e), to a term of 195 months imprisonment to be followed by a five-year term of supervised release. *See* Judgment [DE-34]. Pursuant to the terms of his plea agreement [DE-24] he did not file an appeal. Ham's projected release date is July 6, 2019.

The Fourth Circuit Court of Appeals on August 17, 2011, announced its *en banc* decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), acknowledging a decades-long misapplication of the North Carolina Structured Sentencing Act[1] to determining whether a prior North Carolina conviction constituted a "felony" for purposes of federal criminal law. The decision affects not only many persons convicted of felon in possession under § 922(g) by effectively eliminating their "felon" status, an essential element of that offense, but has far-reaching implications for individuals, like Ham, who were sentenced as armed career criminals to terms of imprisonment in excess of the statutory maximum sentence for § 922(g) convictions. In

---

[1] The Structured Sentencing Act became effective in North Carolina on October 1, 1994.

light of Simmons, Ham, in fact, lacked the nature and number of prior convictions to qualify for armed career offender status.

Ham, through appointed counsel, filed his § 2255 motion [DE-40] on August 16, 2012. The Government filed a Response [DE-43] on September 25, 2012, agreeing that Ham is entitled to be re-sentenced in light of Simmons' rationale and in the interests of justice. A correct application of § 924(e), after Simmons, reveals that Ham lacked the number and type of predicate convictions required to support armed career criminal enhancement. The Government's Response [DE-43] is incorporated herein by reference.

In light of the record in this case, the parties' memoranda, a correct application of the North Carolina Structured Sentencing Act as detailed in Simmons, and in the best interest of justice and fairness, Ham's § 2255 motion [DE-40] is ALLOWED insofar as he seeks re-sentencing, and the Judgment entered herein on May 18, 2006 [DE-34] is VACATED.

The Clerk of Court is DIRECTED to schedule and notice a hearing for re-sentencing during this court's **December 3, 2012**, term of court in Wilmington, North Carolina. The Government will ensure Ham's timely writ, transportation and housing for the re-sentencing hearing. The United States Probation Office is DIRECTED to investigate, prepare and publish to the appropriate parties a recalculation of Ham's correct advisory Guideline Range, applying Simmons' ruling and the provisions of the Fair Sentencing Act of 2010.

SO ORDERED.

This, the 26th day of September, 2012.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge